STANFORD PAPER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38565. Promulgated July 25, 1930.

*Alfred L. Geiger, Esq.*, for the petitioner.
*L. W. Creason, Esq.*, for the respondent.

OPINION.

PHILLIPS: The proceeding has been submitted upon the pleadings. It involves a deficiency of $1,143.37 in income tax asserted for the fiscal year ended July 31, 1926. The sole question raised is whether the Commissioner erred in refusing to permit the petitioner a deduction of $9,000 as a reserve for bad debts in computing its taxable income for the fiscal year ended July 31, 1926. Prior to the year now before us petitioner had charged off on its books and claimed as a deduction the amount of debts which it had ascertained to be worthless. The first attempt to set up a reserve for bad debts was made during the year here in controversy. The consent of the Commissioner to such a change in the method of accounting was not obtained.

Total sales of petitioner for the three years ended July 31, 1926, were $1,079.022. For the fiscal year ended in 1924 it had charged off bad debts of $137.75 and for 1925, $1,208.10. Based upon an allowance of 1 per cent of its sales for three years, it computed a reserve at the close of its 1926 fiscal year in the amount of $9,000. Had a similar system of accounting been used in prior years, there would have been a reserve at the beginning of the taxable year now before us of between $4,500 and $5,000, making necessary an addition to such reserve from the income of this year of an amount not in excess of $4,500. The result of the change in the method of accounting for bad debts is to throw against income of 1926 amounts which, under the same method of accounting, would properly have been charged against income of prior years. Such a result lends support to the regulation of the Commissioner which requires his consent to be obtained before any such change becomes effective for the purpose of computing taxable income.

We have heretofore held that this regulation is a valid exercise of the discretion lodged in the Commissioner by the revenue acts. *Kay Manufacturing Co.*, 18 B. T. A. 753. There was no such consent in the present case.

*Decision will be entered for the respondent.*